IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| RICHARD OWEN,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br>                  Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No. 1:13-cv-141-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

District Judge Robert J. Shelby has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. §636(b) (1)(B).[1]  Plaintiff Richard Owen seeks judicial review of the determination of the Commissioner of the Social Security Administration which denied his applications for Period of Disability, Disability Insurance Benefits and Supplemental Security Income.

After careful consideration of the written briefs, the administrative record, and relevant legal authority, the undersigned has determined that oral argument is unnecessary and issues the following Report and Recommendation **RECOMMENDING** that the District Court **AFFIRM** the decision of the Commissioner.

## BACKGROUND[2]

A. **Procedural History**

Plaintiff, Richard C. Owen, was born on October 27, 1979.[3]  On May 21, 2010, Plaintiff filed applications for period of disability, disability insurance benefits and supplemental security

---

[1] Docket no. 21.
[2] The Court finds the parties adequately summarized Plaintiff's medical history in their respective briefs.  Therefore, the Court finds it unnecessary to repeat Plaintiff's medical history in specific detail here.  Rather, the Court will only note those items that are pertinent to this Report and Recommendation.

income.[4]  In his applications for benefits, Plaintiff alleged an onset date of disability of June 1,

2009.[5]  Plaintiff meets the insured requirements through June 30, 2009.[6]

 Plaintiff's claims were initially denied on November 10, 2010, and upon reconsideration

on March 9, 2011.[7]  Plaintiff then requested an administrative hearing.[8]  A hearing before an

Administrative Law Judge ("ALJ") was held on April 2, 2012.[9]  On April 23, 2012, the ALJ

issued a written decision denying Plaintiff's claims for benefits.[10]  Plaintiff then appealed the

denial to the Social Security Appeals Council.  The Appeals Council denied Plaintiff's request

for review on August 14, 2013.[11]  Pursuant to 42 U.S.C. §405(g), this appeal followed.

B.  **The ALJ's Opinion**

 In the ALJ's written decision dated April 23, 2012, the ALJ found at Step One of the

required sequential evaluation process[12] that Plaintiff had not engaged in substantial gainful

activity since June 1, 2009, the alleged onset date.[13]  At Step Two, the ALJ found Plaintiff had

the following severe impairments:  (1) mild degenerative disc disease of the lumbar spine; (2)

blindness in right eye; (3) mood disorder, nos; (4) impulsive disorder, nos; (5) pain disorder; and

(6) personality disorder.[14]  At Step Three, the ALJ concluded that Plaintiff's impairments did not

meet or medically equal a listed impairment contained in the regulations.[15]  The ALJ then found

---

[3] Docket no. 9, Administrative Record [hereinafter referred to as "Tr."] at 85.
[4] Tr. at 41.
[5] Id.
[6] Tr. at 43.
[7] Tr. at 41.
[8] Id.
[9] Id.
[10] Tr. at 41-56.
[11] Tr. at 6.
[12] See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(explaining the five-step sequential evaluation process for determining if a claimant is disabled).
[13] Tr. at 43.
[14] Id.
[15] Tr. at 44.

Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the following

limitations:

- The claimant is unable to perform any work requiring binocular vision or full peripheral vision on the right side; and
- Due to pain, side effects of medications, and mental impairments, the claimant can only make simple work-related judgments and decisions; can understand, remember, and carry out only short and simple instructions; can deal with only occasional changes in a routine work setting; can have no more than frequent interactive contact with the public; can have no more than frequent interactive contact with co-workers or supervisors; can do goal-oriented work, but no fast paced work.[16]

At Step Four, the ALJ found Plaintiff is capable of performing past relevant work as a

sales attendant, and cashier II.[17]  Therefore, the ALJ found Plaintiff was not disabled under the

Social Security Act.[18]

## STANDARD OF REVIEW

"We review the Commissioner's decision to determine whether the factual findings are

supported by substantial evidence and whether the correct legal standards were applied."[19]  If

supported by substantial evidence, the findings are conclusive and must be affirmed.[20]

Substantial evidence is "more than a scintilla, but less than a preponderance."[21]  Thus, "[t]he

possibility of drawing to inconsistent conclusions from the evidence does not prevent an

administrative agency's findings from being supported by substantial evidence."[22]

In addition, a reviewing Court should not re-weigh the evidence or substitute its own

judgment for that of the ALJ's.[23]  The Court "...may not 'displace the agenc[y]'s choice between

two fairly conflicting views, even though the Court would justifiably have made a different

---

[16] Tr. at 46.
[17] Tr. at 55.
[18] Tr. at 56.
[19] Mays v. Colvin, 739 F.3d 569, 571 (10th Cir. 2014).
[20] Richardson v. Perales, 402 U.S. 389, 401 (1981).
[21] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).
[22] Zoltanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).
[23] Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).

choice had the matter be before it de novo.'"[24]   Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[25]

<u>ANALYSIS</u>

Plaintiff contends that the decision of the Commissioner should be reversed because the ALJ committed multiple errors.  Specifically, Plaintiff raises four issues on appeal:  (1) The ALJ improperly evaluated Mr. Owen's credibility; (2) The ALJ improperly determined Mr. Owen's residual functional capacity; (3) The ALJ improperly determined that Mr. Owen could return to his past relevant work; and (4) The ALJ violated Social Security Ruling 00-4p in not resolving the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. The undersigned will address each of these issues in turn.

### A.  Credibility

It is well-established that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[26]

Plaintiff argues the ALJ's entire analysis of credibility consisted of one paragraph of boilerplate language.[27]   Plaintiff further argues the ALJ erred by simply listing factors and not

---

[24] <u>Lax</u>, 489 F.3d at 1084 (quoting <u>Zoltanski</u>, 372 F.3d at 1200).
[25] <u>Jensen v. Barnhart</u>, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).
[26] <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005)(internal citations and quotations omitted).
[27] Opening Br., docket no. 14 at p. 10. (Plaintiff cites this passage from the ALJ's opinion:  "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not fully credible.") Tr. at 47.

explaining why the ALJ concluded that specific complaints were not credible or to link the explanation to the evidence.[28]

However, upon review of the ALJ's decision, as Defendant correctly points out, the ALJ provided more than one paragraph of analysis relating to Plaintiff's credibility.  In addition, the Court finds that even if the ALJ did use boilerplate language, the ALJ did not err because he thoroughly explained his reasoning.[29]  Specifically, the ALJ made the following credibility determination for Plaintiff:

> In reaching this conclusion as to the claimant's residual functional capacity, the undersigned finds the claimant credible to the extent he would experience some physical and visual limitations.  Thus, the residual functional capacity was accordingly, reduced to accommodate those limitations.
>
> Moreover, the undersigned further reduced the residual functional capacity to incorporate limitations from his mental impairments. However, the undersigned cannot find the claimant's allegations that he is incapable of all work activity to be credible because of significant inconsistencies in the record as a whole and in particular the lack of a supportive medical record.[30]
>
> ….
>
> [w]eighing all the relevant factors, the undersigned concludes that the claimant's subjective complaints do not warrant any additional limitations beyond those established in the residual functional capacity previously outlined in this decision.[31]

The ALJ further explained his findings by providing multiple paragraphs of specific examples supporting his finding that the objective evidence is consistent with the RFC and inconsistent with Plaintiff's claims regarding the level of pain he experiences and his mental health impairments.[32]

---

[28] Id.
[29] See Keyes-Zachary v. Astrue, 695 F.3d 1156, 1170 (10th Cir. 2012)(noting boilerplate language "is problematic only when it appears 'in the absence of a more thorough analysis.'")
[30] Tr. at 47.
[31] Tr. at 54.
[32] Tr. 47-54.

Further, as required, the ALJ's credibility analysis is closely and affirmatively linked to substantial evidence. It is clear from the ALJ's opinion that the ALJ engaged in much more than a single paragraph of analysis of Plaintiff's credibility. Moreover, the ALJ's use of boilerplate language in this case does not constitute legal error because the ALJ properly analyzed and tied his findings to evidence contained in the record. Thus, the Court finds no error.

## B. RFC Determination

Plaintiff argues the ALJ improperly determined Plaintiff's RFC because the "ALJ's assessment appears as a conclusion, with no reasoning and no citation to specific facts."[33]

Residual functional capacity ("RFC") is an administrative determination left solely to the ALJ.[34] A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments.[35] In determining the claimant's RFC, the decision maker considers all of the claimant's medically determinable impairments, including those considered not "severe."[36] Moreover, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts…and nonmedical evidence…"[37]

Here, the Court finds Plaintiff's arguments to be unpersuasive and the Court concludes that the ALJ compiled with the requirements of SSR 96-8p in formulating the Plaintiff's RFC. After setting forth Plaintiff's RFC, the ALJ then spent the next nine pages supporting, reasoning and discussing his findings.[38] The Court's review of this discussion reveals the ALJ not only

---

[33] Docket no. 14, at p. 11.
[34] See 20 C.F.R. § 404.1546(c) (at the administrative hearing level, the ALJ is responsible for assessing residual functional capacity); SSR 96-5p, 1996 WL 374183, at *2 (stating that some issues, such as residual functional capacity, are not medical issues regarding the nature and severity of an individual's impairment(s) but instead administrative findings that are dispositive of a case, and thus are reserved to the Commissioner).
[35] See 20 C.F.R. §§ 404.1545, 416.945.
[36] 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).
[37] See SSR 96-8p, 1996 WL 374184 at *7 (July 2, 1996).
[38] Tr. 46-54.

analyzed Plaintiff's credibility and subjective complaints as explained above, but he also summarized the medical evidence and discussed the "nonmedical evidence (e.g. daily activities, etc.)."  In addition, the ALJ explained and reasoned through inconsistencies in the record.  For example, the ALJ stated, "...the objective evidence is fully consistent with the above residual functional capacity and inconsistent with disabling limitations from mental health impairments."[39]  The ALJ then provided specific examples to support this finding.  Finally, the ALJ considered and weighed the medical opinion evidence in his findings in support of Plaintiff's RFC and indicated conflicts with the opinions of Plaintiff's medical sources.  The Court concludes the ALJ complied with SSR 96-8p and finds no error in the Plaintiff's RFC determination.

### C.  Past Relevant Work

Plaintiff argues the ALJ erred by concluding that he could return to his past relevant work.  Specifically, Plaintiff alleges the ALJ made no specific findings nor did the ALJ ask Plaintiff about to the nature of his past work.   Therefore, according to Plaintiff, the ALJ did not make adequate specific findings of fact as to the physical demands of Plaintiff's past work or if Plaintiff could return to his past work.

In relevant part, SSR 82-62 provides that when an ALJ determines that a claimant has the capacity to perform past relevant work, the ALJ's decision must contain the following findings of fact:  (1) A finding of fact as to the individual's RFC; (2) A finding of fact as to the physical and mental demands of the past job/occupation; (3) A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.[40]

---

[39] Tr. at 49.
[40] SSR 82-62.

Again, the Court finds no error in the ALJ's analysis.  First, the ALJ made a finding of fact as to Plaintiff's RFC (see above and subsequent analysis in which the Court found no error).  Second, the ALJ made a finding of fact as to the physical and mental demands of Plaintiff's past job by accepting the testimony of vocational expert, Connie Hill.   Lastly, the ALJ found that Plaintiff had performed his past relevant work for "a sufficient length of time to have acquired relevant job skills."[41]   In addition, the ALJ states he "asked the vocational expert whether the claimant could perform his past relevant work.  The vocational expert testified the claimant could perform his past relevant work because these positions do not require work that exceeds the above-stated residual functional capacity."[42]

Based upon the VE's testimony to the ALJ's hypothetical questions at the hearing and the acceptance of that testimony, the ALJ properly concluded Plaintiff's past work did not require demands in excess of her RFC.  Moreover, the ALJ made the specific finding that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as actually and generally performed."[43]   That analysis is sufficient and contains no legal error.[44]   Therefore, the Court concludes the ALJ did not err by concluding that Plaintiff could perform his past relevant work.

### D.  Conflict Between Vocational Expert Testimony and DOT

Plaintiff argues the ALJ erred by failing to comply with Social Security Regulation ("SSR") 00-4p.  Specifically, Plaintiff contends that the ALJ violated SSR 00-4p by failing to address the apparent conflict between Plaintiff's mental limitations and the level-three reasoning

---

[41] Tr. at 56.
[42] Id.
[43] Id.
[44] See e.g., Doyal v. Barnhart, 331 F.3d 758, 760-61 (10th Cir. 2003)(finding "[t]he ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis.  There was nothing improper about this.  An ALJ may rely on the information supplied by the VE at Step Four.)(internal citations and quotations omitted); Jordan v. Barnhart, 213 Fed. App'x 643, 646 (10th Cir. 2006).

development required by the jobs identified by the vocational expert.  Plaintiff argues there is no indication from the record that the vocational expert expressly acknowledged this conflict with the Dictionary of Occupational Titles ("DOT") or that she offered any explanation for the conflict.

SSR 00-4p provides that before an ALJ relies upon a VE's testimony to support a disability determination, the ALJ must identify and obtain a reasonable explanation for any conflicts with the VE's testimony and the DOT.[45]  The ALJ must also explain in his decision how any such conflicts were resolved.[46]  Thus, SSR 00-4p provides that an ALJ has an "affirmative responsibility" to ask the VE about any possible conflicts between the VE"s testimony and the DOT.    Here, after asking the VE a hypothetical question, the ALJ asked if the VE, "[w]ould his person be able to perform any of Mr. Owen's past relevant work?"[47]  The VE then replied:

> A:  Yes, Your Honor.  The sales attendant would still be available.  The cashier II would still be available.  The other two would be eliminated.
>
> Q:  Okay.  Is that consistent with the DOT?
>
> A:  Yes.[48]

The Court finds no error in the ALJ's analysis with regard to SSR 004-p.  Based upon review of the case law cited by Defendant,[49] which the Court finds to be persuasive, the Court essentially adopts the arguments made by Defendants in their Answer Brief.  Defendant argues that Plaintiff has not shown harmful error because there is evidence to support a finding of not disabled at step five.  In addition, as stated in <u>Anderson</u>, "GED

---

[45] SSR 00-4p.

[46] <u>Id.</u>, <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1089-92 (10th Cir. 1999).

[47] Tr. at 77.

[48] Tr. 77-78.

[49] <u>See</u> <u>Hackett v. Barnhart</u>, 395 F.3d 1158, 1176 (10th Cir. 2008); <u>Anderson v. Colvin</u>, 514 Fed. App'x 756, 764 (10th Cir. 2013)(unpublished); <u>Mounts v. Astrue</u>, 479 Fed. App'x 860, 868 (10th Circ. 2012)(unpublished).

does not describe specific mental or skill requirements of a particular job, but rather describes the general educational background that makes an individual suitable for the job, broken into the divisions of Reasoning Development, Mathematical Development, and Language Development."[50]

Plaintiff indicates that Defendant accurately points out that the DOT pages for his past work of sales attendant and cashier II cite to GED level 3 reasoning.  However, as Defendant correctly notes, any error as to whether there is a conflict with the ALJ's finding that Plaintiff's has a GED level is harmless.

Here, the evidence demonstrates Plaintiff reported he had the equivalent of a high school diploma and completed a semester of college.[51]  Like Anderson, even if Plaintiff was limited to a lower level of GED level reasoning than 3, the VE identified at least three other jobs in addition to Plaintiff's past relevant work he could perform.   Those jobs were cutter and paster, touch-up screener, and final assembler.   The VE testified jobs the identified jobs exist in significant numbers. Plaintiff does not dispute this finding.  Thus, "the error was harmless because no reasonable factfinder could have resolved the factual matter any other way."[52]

Therefore, the Court finds no legal error with regard to this final issue raised by Plaintiff.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, the Court finds Plaintiff's arguments do not have merit and do not warrant further review.  Therefore, IT IS HEREBY ORDERED that the decision of the Commissioner be **AFFIRMED**.

---

[50] 514 Fed. App'x at 764.
[51] Tr. 71-72.
[52] Id.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[53]  Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to the magistrate judge's report, for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 10 March 2015.

Brooke C. Wells
United States Magistrate Judge

---

[53] See 28 U.S.C. § 636(b)(1); F.R.C.P. 72(b).